IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. PIERCE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
TIMOTHY PIERCE, APPELLANT.

Filed November 5, 2013.    No. A-12-1154.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed.

Leonard G. Tabor for appellant.

Jon Bruning, Attorney General, and Carrie A. Thober for appellee.

IRWIN, PIRTLE, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Timothy Pierce appeals the order of the district court for Scotts Bluff County, Nebraska, denying Pierce's motion for postconviction relief without granting an evidentiary hearing. On appeal, Pierce's sole assignment of error is that the district court erred in denying him an evidentiary hearing. We find no merit and affirm.

## II. BACKGROUND

Pierce was initially charged with five counts: second degree domestic assault, first degree false imprisonment, use of a weapon in the commission of a felony, terroristic threats, and habitual criminal. Prior to trial, Pierce's counsel, from the public defender's office, filed a suggestion of incompetency and a motion for evaluation. The district court entered an order for evaluation.

Prior to trial, Pierce's counsel filed a motion to withdraw. The court denied this motion.

Pierce and the State ultimately reached a plea agreement, and Pierce entered no contest pleas to the assault and use of a weapon charges in exchange for the State dismissing the remaining charges. The court accepted Pierce's pleas and sentenced Pierce.

Pierce filed a direct appeal, challenging the sentences imposed by the district court. This court affirmed.

Now, in the present action, Pierce filed a motion for postconviction relief. Pierce alleged as grounds for postconviction relief that he received ineffective assistance of counsel, that there had been prosecutorial misconduct, and that there had been trial court error. The district court ultimately concluded that all of Pierce's assertions concerning prosecutorial misconduct and some of his assertions concerning trial court error were procedurally barred because they could have been raised on direct appeal. The court then concluded that with respect to Pierce's remaining assertions, he had made an insufficient showing and had alleged only conclusions of law and fact, and that the record affirmatively demonstrated Pierce was entitled to no relief. As such, the court denied an evidentiary hearing.

Pierce now brings this appeal.

### III. ASSIGNMENT OF ERROR

Pierce's only assignment of error is that the court erred in denying him an evidentiary hearing.

### IV. ANALYSIS

Pierce asserts that he was entitled to an evidentiary hearing on his motion for postconviction relief. His assertions on appeal are confined to asserting that he was entitled to a hearing related to his assertions that his counsel was ineffective. We find no merit.

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly wrong. *State v. Mesadieu*, 21 Neb. App. 197, ___ N.W.2d ___ (2013).

Normally, a voluntary guilty plea waives all defenses to a criminal charge. *Id.* In a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.*

When a court denies postconviction relief without an evidentiary hearing, the appellate court must determine whether the petitioner has alleged facts that would support a claim and, if so, whether the files and records affirmatively show that he is entitled to no relief. See *id.*

#### 1. PROCEDURALLY BARRED ASSERTIONS

Included in his motion for postconviction relief were claims by Pierce that various instances of prosecutorial misconduct occurred. Pierce made allegations about such actions as the State denying Pierce access to reports and photographs, denying access to medical reports, and failing to properly secure weapons. Also included in his motion for postconviction relief were claims by Pierce that the trial judge failed to recuse himself and that the court allowed him to enter a plea when nobody was prepared to present a defense and when Pierce was overmedicated. These assertions were all procedurally barred.

The need for finality in the criminal process requires that a defendant bring all claims for relief at the earliest opportunity. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *Id.*

As noted above, Pierce filed a direct appeal in this case. In that direct appeal, he did not raise any issues concerning alleged prosecutorial misconduct or alleged trial court error. Pierce has not made any assertions or allegations to suggest that there was any reason these claims could not have been raised on direct appeal. In addition, as noted above, Pierce has not argued on appeal that the district court erred in finding these claims procedurally barred.

## 2. REMAINING ASSERTIONS

Pierce also made a variety of claims concerning alleged ineffectiveness of his trial counsel. With respect to those claims, however, Pierce's assertions amount to conclusions of law or fact and are insufficient to demonstrate any entitlement to relief. The record affirmatively shows that Pierce is not entitled to relief, and no evidentiary hearing was warranted.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Mesadieu*, 21 Neb. App. 197, ___ N.W.2d ___ (2013). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

In a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.* Within the plea context, in order to satisfy the prejudice requirement to establish an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *Id.*

In the present case, Pierce's motion for postconviction relief did not contain a sufficient showing to demonstrate that he is entitled to relief. None of his assertions of ineffective assistance of counsel include sufficient allegations to demonstrate that counsel's performance was deficient or that, but for that performance, he would not have pleaded no contest and would have instead insisted on going to trial.

Pierce asserted that his trial counsel was ineffective for informing him that the trial court would put discovery matters "'on hold'" while the motion for evaluation and determination of Pierce's competency to stand trial was still pending. Pierce has not made any showing that this advice of counsel was incorrect or was below the standard of performance, and he has made no showing that this communication from counsel in any way caused him to enter no contest pleas, 5 months later, as part of a very favorable plea bargain.

Pierce asserted that his trial counsel was ineffective for withdrawing, contrary to the district court's order denying withdrawal. He also asserted that the court erred in knowing his

counsel withdrew, contrary to the court's order, and in allowing new counsel to represent Pierce 10 days prior to a scheduled trial. Again, Pierce has not made a showing to support a finding that he is entitled to postconviction relief. The record demonstrates that Pierce was represented by the public defender's office. Although his counsel did move to withdraw, and that motion was denied, the record does not demonstrate that his counsel then actually withdrew, contrary to the court's order. Rather, at the time of his plea hearing, another attorney from the public defender's office represented Pierce. Pierce has not made any showing that his counsel was unprepared or that having a different attorney from the office represent him in any way caused him to enter a no contest plea as part of a very favorable plea bargain.

Finally, Pierce asserted that his counsel was ineffective for failing "to pick up [Pierce's] shirt from the County Jail as evidence (torn by victim)." Pierce has not made any showing that this was deficient performance or that the failure of his counsel to secure a shirt in any way caused him to enter no contest pleas as part of a very favorable plea bargain.

A review of the entirety of Pierce's postconviction motion indicates that in the six pages of the motion and the nine pages of attachments thereto, Pierce never alleges that, but for any of the alleged grounds for postconviction relief, he would not have pleaded no contest and would have insisted on going to trial. The closest Pierce comes in this regard is an assertion that the trial court erred because it "knew that [Pierce] entered his plea only because NO ONE had prepared for trial to represent [him]." It is fundamental that self-serving declarations that a defendant would have insisted on going to trial are insufficient and that a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial. See *State v. Mesadieu*, 21 Neb. App. 197, ___ N.W.2d ___ (2013). In this case, however, Pierce has not even made self-serving declarations that he would have insisted on going to trial, and a review of his motion reveals no objective basis for finding a reasonable probability that he would have. Pierce's argument on appeal lacks merit.

## V. CONCLUSION

We find Pierce's assertions on appeal to be meritless. We affirm.

AFFIRMED.